1  JOHN ROBERT UNRUH (SBN 254662)
   UNRUH LAW, P.C.
2  100 Pine Street, Suite 1250
   San Francisco, CA 94111
3  Telephone: 415-335-6417
   Fax: 415-360-5917
4  Email: john@jru-law.com

   Attorney for Plaintiff
5  DENISE JEONG

6

7                    UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9

10 DENISE JEONG,                    )  Case No.:
                                    )
11              Plaintiff,          )  COMPLAINT FOR: BREACH OF THE
                                    )  EMPLOYEE RETIREMENT INCOME
12                                  )  SECURITY ACT OF 1974 (ERISA)
          v.                        )
13                                  )
   METROPOLITAN LIFE INSURANCE      )
14 COMPANY,                         )
                                    )
15              Defendant.          )
                                    )

16    Plaintiff, DENISE JEONG (hereafter "Plaintiff"), alleges against the Defendant, and each of

17 them, as follows:

18 **I.  JURISDICTION**

19    1. Plaintiff's Complaint relates to an employee welfare benefit plan as defined by the Employee

20 Retirement Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereafter "ERISA"). This Court's

21 jurisdiction is invoked pursuant to 28 U.S.C. §1331 and 29 U.S.C. §1132(e), (f), and (g).

22    2. Plaintiff has exhausted all administrative remedies related to the denial of the disability plans

23 that are the subject of this Complaint.

24

**II.  INTRADISTRICT ASSIGNMENT**

3.  At all times relevant to this Complaint, Plaintiff was a resident of the City of San Francisco in the County of San Francisco therefore venue is proper within the Northern District of California under 28 U.S.C. §1132(e)(2).

4.  Plaintiff's Complaint may be assigned to the San Francisco or Oakland Division pursuant to Local Rule 3-2.

**III. PARITES**

5.  At all times relevant, Plaintiff was a participant in the KAISER FOUNDATION HEALTH PLAN, INC. WELFARE BENEFIT FOR THE INSURED PLANS (hereafter "the Plan"), which provides disability and related benefits to its participants (Group Policy No. 95910-1-G).

6.  At all times relevant, the Plan and its benefits were insured by and administered by METROPOLITAN LIFE INSURANCE COMPANY (hereafter "Defendant").

7.  At all times relevant, the Plan was a welfare benefit plan within the meaning of ERISA and was formed by KAISER PERMANANTE (hereinafter "Kaiser") to offer, *inter alia*, disability benefits to its employees, including Plaintiff.

8.   At all times relevant, Defendant, was a corporation organized under statutes of the State of New York and actually doing business in California within the County of San Francisco.

**IV.   GENERAL ALLEGATIONS**

9.   Plaintiff was hired by Kaiser as a Licensed Clinical Social Worker (LCSW) on or around July 17, 1995. Plaintiff continued to work at Kaiser in this capacity until sometime on or around December 29, 2015 when she ceased work as she became too disabled to work due to multiple medical conditions that included, *inter alia*, mild cognitive impairment (diagnosed as single domain non-amnestic mild cognitive impairment), memory decline and impairment with decline in episodic

memory, immediate memory and working memory, possible signs of early amnestic syndrome, and extreme errors in professional judgment.

10.   Plaintiff began experience worsening cognitive decline at some point in 2013, but she continued to try and work as a LCSW providing psychotherapy services; specifically, she provided psychological assessments, diagnosis, treatment, and crisis intervention with patients who had acute or chronic psychiatric disorders. Her duties required she attend staff conferences and meetings and consult with medical, nursing, and psychiatric staff.

11.   On or about February 25, 2014, a psychologist evaluated Plaintiff and noted Plaintiff reported difficulties recalling patient information. The psychologist evaluated her and found her learning and recall were well below expectation, and her performance declined since 2013 where she had been previously evaluated.

12.   The psychologist further found Plaintiff impaired with regard to episodic memory, immediate memory, working memory and non-verbal fluency. He noted her performance since July of 2013 declined, which suggested her symptoms were progressive. He further noted Plaintiff had not yet experienced significant cognitive decline, but he found her presentation most consistent with a mild cognitive impairment, amnestic variant.

13.   From around that same time, on or around February 13, 2014, a doctor with the University of California San Francisco Medical Center (UCSF) treated Plaintiff and she informed him her memory problems were worse during the past year and that she experienced memory problems at work. Specifically, Plaintiff stated she failed to remember details of patient interviews, and she had poor memory of patient details when they came for follow-up appointments. She also reported problems in her daily life such as recognizing people she met before, remembering their names, and

remembering details of their lives. The UCSF doctor also diagnosed Plaintiff with mild cognitive impairments, mixed type (dysexecutive and amnestic variants).

14.   On December 18, 2015, a doctor with Kaiser Permanente noted Plaintiff reported she had trouble remembering information about patients, which caused difficulty providing care as a psychiatric social worker. He opined her condition seemed to be a progressive problem, and Plaintiff was disabled from doing her work as a LCSW. Plaintiff last worked on December 29, 2015, with a date of disability established as December 30, 2015.

15.   The Kaiser doctor evaluated Plaintiff again on May 19, 2016, and he opined Plaintiff's memory had not improved and needed to be on long term disability (LTD). He noted her working memory was spotty, and she had difficulty recalling her medications.

16.   Defendant's medical director evaluated Plaintiff on May 26, 2016, and stated, "The information reviewed suggests a gradual worsening of her cognitive abilities and the volume loss as well as opinion from UCSF support this." He further opined, "[t]he most significant issue here appears to be the relative severity of her cognitive dysfunction and how much it impacts her ability to function as a LCSW."

17.   Defendant awarded Plaintiff LTD benefits which started on June 27, 2016. Defendant based its decision on Plaintiff's inability to perform her job due to mild cognitive impairments. Defendant paid Plaintiff benefits up and until it terminated Plaintiff's LTD benefits on November 18, 2018, on the grounds that Plaintiff no longer met the definition of disabled under the terms of the Plan. Plaintiff, by and through counsel, timely appealed on April 4, 2019.

18.   Plaintiff's policy defines disability as "unable to perform with reasonable continuity the Substantial and Material Acts necessary to pursue Your Usual Occupation in the usual and customary way." Although the policy defines "Substantial and Material Acts" with more specificity,

essentially it means doing the important tasks and functions generally required by employers in this particular job. "Usual Occupation" means the business or occupation, in this instance, a LCSW.

19.   The Kaiser doctor wrote letters on July 27, 2018 and July 31, 2018 establishing Plaintiff could not do her job as a LCSW. Significantly, he stated, on July 27, 2018, describing her neurocognitive condition, during her "tenure as a psychological social worker, there were some reported *very serious* mistakes made by [Plaintiff] in her professional roll [sic.] in triaging patients that could have resulted in *patient harm*" (emphasis added).

20.   Defendant hired another doctor to provide an opinion as an independent Physician Consultant, and he conceded in a letter dated July 19, 2019, that Plaintiff had mild cognitive impairments. But he concluded her cognitive impairments, which remained unchanged from the impairments that justified the 2016 award of LTD benefits by Defendant, did not preclude "total occupation function," even though this is not what the policy requires. He further concluded she had mild cognitive impairments, and she could do her job if she received accommodations, even though this is not what the policy states.

21.   On August 13, 2019, the Kaiser doctor responded that given the nature of a busy psychiatry department, for Plaintiff "the presence of even mild executive impairments in working memory and phonemic processing speed is disqualifying from being able to safely return to the job." He further included Plaintiff had not improved since 2014, and she had limited ability to learn new job skills.

22.   In a decision dated December 2, 2019, Defendants confirmed their denial of Plaintiff's continued entitlement to disability benefits under the Plan, concluding "[Plaintiff] has ongoing restrictions and limitations that would not prevent [Plaintiff] from performing her job" and that her "restrictions and limitations no longer prevent her from performing any occupation". This lawsuit followed shortly thereafter.

23.   Plaintiff's medical conditions and the many symptoms she must endure create numerous restrictions and limitations that render her totally disabled under the terms and conditions of the Plan. Plaintiff's symptoms and total disability have persisted to this present day. Plaintiff was in the past and is currently under the regular care and treatment of doctors who have determined Plaintiff is disabled and unable to work.

24.   Plaintiff made proper and timely claims for the benefits due her under the Plan. Despite Plaintiff meeting the definition of disability under the Plan's policies at all times relevant herein, Defendant denied Plaintiff's entitlement to disability benefits. Plaintiff has complied with all of the conditions precedent to receive the benefits under the terms and conditions of the Plan, yet Defendant has failed to pay Plaintiff the benefits she is due.

<u>**CLAIM FOR RELIEF**</u>
**FIRST CAUSE OF ACTION: BREACH OF INSURANCE CONTRACT**

25.   Plaintiff hereby incorporates by reference paragraphs 1 through 24 above as if set forth in full herein.

26.   ERISA Section 502(a)(1)(B), 29 U.S.C.A. §1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due a participant under the terms of a plan, and/or to clarify a participant's right to future benefits.

27.   At all times herein mentioned, Plaintiff was a beneficiary under the Plan and Plaintiff has been totally disabled under the terms and conditions of said Plan. Defendant agreed to pay benefits to Plaintiff in accordance with the provisions of the policies governing the Plan. Defendant has violated and continue to violate the terms of the Plan and Plaintiff's rights thereunder by denying Plaintiff's claim for disability benefits under the Plan.

28.   Furthermore, Defendant, by terminating Plaintiff's entitlement to benefits under the Plan, has caused Plaintiff to lose her eligibility and entitlement to other benefits, such as, *inter alia*, survivor benefits, life insurance benefits, and health care benefits.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment in her favor and against Defendant as follows:

A.   Order Defendant pay benefits due Plaintiff under the Plan from the beginning of her disability through the date judgment is entered;

B.   Order Defendant pay future benefits due Plaintiff under the Plan until such time as Plaintiff is no longer disabled within the meaning of the Plan;

C.   Order Defendant to pay all interest as allowed by law;

D.   Award Plaintiff reasonable attorney fees and costs in an amount to be shown according to proof; and

E.   Provide any and all other relief the Court deems just and proper.

Date: October 6, 2021                                    Respectfully submitted,

UNRUH LAW, P.C.

/s/ John Robert Unruh
John Robert Unruh
Attorney for Plaintiff
100 Pine Street, Suite 1250
San Francisco, CA 94111
415-335-6417
john@jru-law.com